# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CAROL D. YANCEY,
                    Appellant,

              v.

DEPARTMENT OF THE INTERIOR,
                    Agency.

DOCKET NUMBER
AT-1221-22-0134-W-1

DATE: May 8, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

David R. Schleicher, Esquire, Waco, Texas, for the appellant.

Lindsey Ann Gotkin, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in her individual right of action (IRA) appeal.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

**DISCUSSION OF ARGUMENTS ON REVIEW**

The appellant is a GS-12 Budget Analyst with over 32 years of Federal service. Initial Appeal File (IAF), Tab 1 at 1. In or around January 2020, the Acting Superintendent at the appellant's worksite asked her to sign a direct charge authorization (DCA) form certifying the availability of funds for a site visit. IAF, Tab 6 at 18-19, 23. The appellant initially returned the form to the Acting Superintendent unsigned, then returned a copy with three X's instead of her signature, and later, after the Acting Superintendent again asked the appellant to sign her name to the form, she stated, "I can't be forced signed anything not required or that I don't feel comfortable signing." *Id.* at 24-38. On February 10, 2020, the Acting Superintendent reprimanded the appellant for failing to sign the DCA form and for failing to follow the agency's leave requesting procedures. *Id.* at 18-21.

The appellant filed this IRA appeal alleging that the letter of reprimand was retaliatory for refusing to obey an order that would require her to violate a law, rule, or regulation in violation of 5 U.S.C. § 2302(b)(9)(D). IAF, Tab 1. After finding jurisdiction over the appeal, IAF, Tab 11, the administrative judge held a hearing on the merits, IAF Tab 30. In an initial decision, the administrative judge found that the appellant exhausted some, but not all, of her allegations before the Office of Special Counsel (OSC) and that she failed to prove by preponderant evidence that her supervisor's order would have required her to violate a law, rule, or regulation.[2] IAF, Tab 32, Initial Decision (ID). Accordingly, he denied corrective action. ID at 13. The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply. Petition for Review (PFR) File, Tabs 1, 3, 7.

---

[2] The administrative judge found that the reasonable belief standard contained in 5 U.S.C. § 2302(b)(8) does not apply to claims under 5 U.S.C. § 2302(b)(9)(D). IAF, Tab 32, Initial Decision at 12-13. We agree with the administrative judge's finding for the reasons stated in the initial decision.

On review, the appellant argues that the administrative judge erred in finding that she did not exhaust all of her claims before OSC.  PFR File, Tab 1 at 19-21.  She asserts that, at the hearing, the administrative judge instructed the appellant not to introduce testimony regarding exhaustion because it was not in dispute and because the agency stipulated that the appellant had exhausted her administrative remedies.  *Id.* at 4, 19-24 (citing Hearing Transcript at 119:6-14).  The appellant attaches several documents to her petition for review and asserts that the documents prove that all claims were exhausted before OSC.  *Id.* at 24, 202-36.  Further, the appellant argues that the administrative judge erred in finding that she failed to prove that her supervisor's order would have required her to violate a law, rule, or regulation.  *Id.* at 24-28.  She notes that the administrative judge did not address testimony from multiple witnesses in concluding that the agency rule cited by the appellant did not apply and, further, that he did not address the appellant's argument that the name on the donation account at issue specified that the funds were for use at a different national park, in violation of law, rule, or regulation.  *Id.*

We find that the administrative judge erred in concluding that the appellant failed to exhaust her claims with OSC.  ID at 7-10.  As an initial matter, exhaustion is a legal conclusion to which parties cannot stipulate.  *See King v. Department of Veterans Affairs*, 105 M.S.P.R. 21, ¶ 16 n.2 (2007) (stating that, although parties may stipulate to facts, they may not stipulate to legal conclusions).  Although we agree with the appellant that the administrative judge should have permitted testimony on the issue of exhaustion, there is sufficient evidence in the existing record to find that the appellant exhausted her administrative remedies as to all of her claims, as set forth below.

An appellant in an IRA appeal must exhaust her administrative remedies by seeking corrective action from OSC before seeking corrective action from the Board.  5 U.S.C. § 1214(a)(3).  The substantive requirements of exhaustion are met when an appellant provided OSC with a sufficient basis to pursue an

investigation; however, an appellant may give a more detailed account of her whistleblowing activity before the Board than she did to OSC. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10 (2022). An appellant may demonstrate exhaustion through her initial OSC complaint, correspondence with OSC, or other sufficiently reliable evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts in the Board appeal. *Id.*, ¶ 11. Exhaustion must be proved by preponderant evidence. *Id.*; 5 C.F.R. § 1201.57(c)(1).

In its close out letter, OSC summarized that the appellant alleged that the agency retaliated against her because she "refused to sign the Direct Charge Authorization form because the form was improper and the funds and the account being used as indicated on the form violated federal law and agency rules and regulations." IAF, Tab 1 at 17. Before the administrative judge, the appellant asserted 12 explanations as to why she believed the DCA form was improper. IAF, Tab 4 at 6-7. The administrative judge found that only nine explanations that were explicitly raised with OSC were exhausted. ID at 7-9. We disagree. The appellant notified OSC of the basis of her complaint, i.e., that the agency retaliated against her for refusing to obey an order which she believed to violate a law, rule, or regulation. IAF, Tab 1 at 17-18. Appellants are permitted to provide more detail at the Board than they did to OSC. *Chambers*, 2022 MSPB 8, ¶ 10. We find that the explanations raised in the proceedings before the administrative judge are substantively similar to those that the appellant explicitly raised with OSC. *Compare* IAF, Tab 1 at 15-18, *with* IAF, Tab 4 at 6-7. Based on the appellant's communications with OSC, we find that OSC had a sufficient basis to pursue an investigation of her claims and she therefore satisfied her

burden to prove exhaustion.[3]    On remand, the administrative judge shall adjudicate these claims on the merits.

On review, the appellant has also challenged the administrative judge's conclusion that she failed to prove that her supervisor's request to sign the DCA form would have violated an agency rule, Director's Order # 21, asserting that the administrative judge disregarded testimony from several witnesses that supported her claim.  PFR File, Tab 1 at 24-25.  Although the administrative judge may have implicitly considered the witness testimony in making his findings, the initial decision does not explicitly discuss it.  ID at 10-12.  On remand, the administrative judge shall make explicit findings, including credibility findings, if necessary, as to the effect of the witness testimony on the appellant's argument that her supervisor's order violated an agency rule.

---

[3] Because we find that the record before the administrative judge was sufficient to prove exhaustion, we have not considered the documents attached to the appellant's petition for review, which do not appear to have been filed before the administrative judge. PFR File, Tab 1 at 202-36.  Accordingly, we do not decide if the documents constitute new and material evidence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980) (stating that the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence).

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.[4]

FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.

---

[4] In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.